IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS WILLIAMS, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL NO. 3:26-CV-70-N-BK |
| | § | |
| SERGIO JIMENEZ, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was automatically referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition when applicable.  Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITH PREJUDICE** as duplicative of pending cases.

On January 12, 2026,  Plaintiff Lucas Williams sued Defendants Sergio Jimenez, Kevin C. McClanahan, Carmen Pacheco, Dawn Hill-Kearse, and Wavny Toussaint.  Doc. 3.  The complaint merely alleges that a court appearance is scheduled for February 4, 2026, before Sergio Jimenez in another proceeding, presumably involving Williams.[1]  Doc. 3 at 1.  The complaint also asserts that "all defendants conspired together in violation of due process" and that they conspired with "individuals" in the other proceeding.  Doc. 3 at 1.  Plaintiff requests $500,000 in compensatory and punitive damages.  Doc. 3 at 1.

---

[1] Online research confirms that the case number listed in the complaint does not involve Plaintiff.  *See Gu v. Zeng*, No. 1:23cv4168 (E.D.N.Y. June 22, 2023).

Along with the complaint, Plaintiff moved to proceed *in forma pauperis*.  Doc. 4. Plaintiff's claims, however, are duplicative of those that he is presently pursuing in many other federal courts nationwide.  The PACER Case Locator confirms that in January 2026, Plaintiff filed identical, barebones complaints against the same defendants in over 45 U.S. District Courts, indicative of his being an abusive litigant.  *See Williams v. Jimenez* , No. 3:26cv0011 (W.D. Wis. Jan 7, 2026) (dismissing with prejudice as duplicative and malicious and identifying eleven identical actions filed in other districts).

A search of online records also confirms that Defendants Jimenez, McClanahan, Pacheco and Toussaint are judges in New York courts, in Kings County (Brooklyn), and Hill-Kearse is a clerk there.  *See Williams v. Jimenez*, No. 3:26-CV-40 (M.D. La. Jan 13, 2026) (transferring identical case to the U.S. District Court for the Eastern District of New York).  Additionally, although the return address in Plaintiff's envelope is for a cemetery in New Orleans, Louisiana, his envelope was post-marked in New York.  Doc. 3 at 2.

Consequently, Plaintiff's motion for leave to proceed *in forma pauperis* should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE** as duplicative and malicious.  *See* 28 U.S.C. § 1915(e)(2)(B); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that an *in forma pauperis* complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff," and that courts should ensure "that the plaintiff obtains one bite at the litigation apple-but not more").

Additionally, considering his recent filing spree, Plaintiff should be **WARNED** that if he persists in filing frivolous or baseless actions, or actions over which the Court lacks jurisdiction, the Court may impose monetary sanctions and bar him from filing any future lawsuits. *See* FED. R. CIV. P. 11(b)(2) and (c)(1).

**SO RECOMMENDED** on February 9, 2026.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

3